IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| ROBERT F. AND LAURA S. BAUER, et al.<br><br>Individually and on Behalf of a Class of Similarly Situated Persons,<br><br>  Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>  Defendant. | )<br>)<br>)<br>)<br>)  No. 24-287 L<br>)<br>)  Judge Matthew H. Solomson<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' MOTION TO CERTIFY OPT-IN CLASS UNDER RCFC 23**

The Named Plaintiffs (as listed in the underlying Complaint), both individually and as representatives of a class of similarly situated persons and landowners, request this Court to certify this matter as an opt-in class action under Rule 23 of the Rules for the Court of Federal Claims ("RCFC"). In support of this Motion, these Named Plaintiffs state as follows:

1.  This matter concerns a 62.3 mile segment of rail line near Bedford, Indiana (milepost 00Q251.7), and near New Albany, Indiana (milepost 00Q314.0), located within Clark, Floyd, Lawrence, Orange, and Washington Counties, Indiana (the "Corridor").

2.  The Corridor was built by the New Albany & Salem Railroad in the mid-1850s. Through a series of name changes, consolidations, purchases, reorganizations, mergers, the Corridor was eventually acquired by CSX Transportation ("CSXT") in September 1987.

3.  On December 18, 2009, CSX Transportation ("CSXT") filed a Petition for Exemption with the federal Surface Transportation Board ("STB") to discontinue service over the Corridor. *See CSX Transportation, Inc. – Discontinuation of Service Exemption – In Clark, Floyd, Lawrence, Orange & Washington Cntys., IN*, STB Docket No. AB-55 (Sub-No. 698X) (the "*Discontinuance Docket*") (Doc. No. 226188) (STB Dec. 18, 2009).

4. On April 7, 2010, the STB granted CSXT's Petition for Exemption, pursuant to 49 U.S.C. § 10502. *Discontinuance Docket*, (Doc. No. 40487) (STB Apr. 7, 2010).

5. CSXT alerted the STB on May 13, 2010 that it had consummated the discontinuance of service over the Corridor as of May 12, 2010. *Discontinuance Docket*, (Doc. No. 227066) (STB May 13, 2010).

6. Seven years later, on December 18, 2017, and in anticipation of filing its Verified Notice of Exemption, this time to abandon the Corridor entirely, CSXT filed a Combined Environmental and Historic Report. *See CSX Transportation, Inc. – Abandonment Exemption – In Clark, Floyd, Lawrence, Orange & Washington Cntys., Ind.*, STB Docket No. AB-55 (Sub-No. 775X) (the "*Abandonment Docket*") (Doc. No. 244947) (STB Dec. 18, 2017). (*See* ECF No. 1-1.)

7. Having already been granted authority to discontinue service over the Corridor, CSXT notified the STB that "No traffic has moved over the [Corridor] in more than two years" and upon the STB's approval, "CSXT will consummate the abandonment and abandon the Line." *Id.*

8. The next day, on December 19, 2017, CSXT filed a Verified Notice of Exemption to abandon the right-of-way. *Abandonment Docket*, (Doc. No. 244875) (STB Dec. 19, 2017). (*See* ECF No. 1-2.)

9. Under the terms of the relevant easement instruments and under Indiana law, once CSXT ceased operating a railroad across the Corridor, the easement would have terminated, and these and other similarly situated landowners of the fee estate would have held the right to the exclusive use and possession of their land including the right to exclude others from their land. *Brandt v. United States*, 572 U.S. 93, 105 (2014).

10. On February 27, 2018 (with a service date of February 28, 2018), the STB issued a Decision and Notice of Interim Trail Use or Abandonment ("NITU"), invoking section 8(d) of the National Trails System Act Amendments of 1983 (the "Trials Act"), codified at 16 U.S.C. § 1247(d). *Abandonment Docket*, (Doc. No. 46275) (STB Feb. 28, 2018). (*See* ECF No. 1-4.)

11. In takings matters under the Trails Act, the federal government's liability is established when the STB issues a NITU pursuant to its power under section 8(d) of the Trails Act, as has been clarified in multiple cases. *See, e.g., Caldwell v. United States*, 391 F.3d 1226 (Fed. Cir. 2004), *Barclay v. United States*, 443 F.3d 1368 (2006), and *Illig v. United States*, 274 Fed. Appx. 883 (2008), *cert. denied* 557 U.S. 935 (2009).

12. The Named Plaintiffs in this action each owned land adjacent to the relevant portions of the Corridor in fee on February 28, 2018—the day the STB issued the NITU.

13. As to the land at issue in this matter, CSXT's interests were limited to an easement for railroad purposes.

14. Under Indiana law, because 1) Plaintiffs owned the land and the railroad held only an easement, 2) the railroad held only a right to operate a railway across the strip of land and the railroad did not have any right to sell or transfer the land to a non-railroad for public recreation or railbanking; and 3) whatever interest CSXT held in the right-of-way easement unequivocally terminated when the railroad no longer operated a railway across the strip land, Plaintiffs have suffered a taking for which compensation is owed. *See, e.g., Macy Elevator, Inc. v. United States*, 97 Fed. Cl. 708 (2011).

15. The class of individuals and entities is in the same or similar position as the named Plaintiffs and is so numerous that joinder of all other similarly-situated landowners in Clark, Floyd, Lawrence, Orange, and Washington Counties, Indiana is impracticable.

16. The claims of all members of this potential class of similarly-situated landowners in Clark, Floyd, Lawrence, Orange, and Washington Counties, Indiana involve the same or substantially similar questions of law and fact.

17. The claims of the Named Plaintiffs, as representative parties, are typical of the claims of the class of similarly-situated landowners in Clark, Floyd, Lawrence, Orange, and Washington Counties, Indiana.

18. The Named Plaintiffs are representative parties that will fairly and adequately protect the interests of the class of similarly-situated landowners in Clark, Floyd, Lawrence, Orange, and Washington Counties, Indiana.

19. The Memorandum in Support of this Motion is filed contemporaneously with this Motion and is incorporated by reference as though fully stated herein

WHEREFORE, Plaintiffs respectfully request this Court to certify this action as an opt-in class action pursuant to RCFC 23 and for such further relief this Court deems just and proper.

Dated: February 23, 2024     Respectfully submitted,

**LEWIS RICE, LLC**

*/s/ Lindsay S.C. Brinton*
Lindsay S.C. Brinton
Meghan S. Largent
Michael Armstrong
T Hunter Brown
Lewis Rice LLC
600 Washington Avenue, Suite 2500
St. Louis, Missouri 63101
(314) 444-7723
(314) 612-7723 (fax)
lbrinton@lewisrice.com

***Attorneys for Plaintiffs***

4